JOHN J. CARVER, PROSECUTOR, v. CITY OF CAMDEN ET AL.

Argued February 16, 1909—Decided June 7, 1909.

The law requires diligence in the prosecution of a right involved in a public work; and therefore, one who for seven months ignores the giving out of a contract for public work, during which time the contractor has incurred expense and obligated himself in pursuance of his contract with the city, is estopped from complaining.

On writ of *certiorari.*

Before Justices REED, TRENCHARD and MINTURN.

For the prosecutor, *Carrow & Kraft.*

For the defendants, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

MINTURN, J.   In March, 1907, the city council of Camden
passed an ordinance providing for the paving of Federal
street, between Cooper's creek bridge and Twenty-seventh
street, with sheet asphaltum.   Estimates were received on
June 25th, 1907, after due advertisement, for the pavement
of the street with asphaltum and Belgian blocks, and these
estimates were laid over.   In February, 1908, the ordinance
of March, 1907, was repealed, and a new ordinance was then
passed providing for the paving of Federal street, between
Cooper's creek bridge and Marlton avenue, with Belgian
blocks, and between Marlton avenue and Twenty-seventh
street with sheet asphaltum.   Without further advertisement,
and in April following, a contract was awarded to the defend-
ants, B. F. Sweeten & Son, for the pavement of Federal
street, between Marlton avenue and Cooper's creek, with Bel-
gian blocks under their estimate of June 1st, 1907.   The con-
tract for the Belgian block pavement from the bridge to
Twenty-seventh street was awarded to the Filbert Paving
Company, and that contract in the case of Filbert Paving
Company against Camden and Sweeten was sustained by the
judgment of this court at the June Term, 1908.   The con-
tract awarded to Sweeten & Son was evidenced by the report
of the committee of council accepting the Sweeten bid, which
report was presented and accepted by council at the meeting
on April 30th, 1908.

The written contract between the city and Sweeten & Son
in pursuance of this report was dated and executed on May
8th, 1908.   We are not referred to any provision of the charter
of Camden which provides for a power of veto in the mayor
either of the report of the committee awarding the contract to
Sweeten & Son, or of the contract itself, and it seemed to be
conceded on the argument that such veto power was not ex-
pressly conferred.   The contract to Sweeten & Son, therefore,
became effectual on the 8th of May, 1908, and in pursuance
of its provisions the contractor entered upon the prosecution
of the work.   On the 7th of May of that year they contracted

with a dealer in writing, which is in evidence, for a supply of granite paving blocks to be used upon the work, and the testimony taken shows that they have in this manner incurred an obligation in pursuance of this contract to the amount of $17,500, and that this paving material, in part at least, was deposited on the line of the proposed improvement. The prosecutor testified that he knew this contract had been awarded to Sweeten & Son, and ignored the fact until this writ was applied for in January, 1909. Disregarding entirely the element of *mala fides,* to which some testimony has been directed, and which stands out quite prominently in this case, and not unmindful of *Eggers* v. *Newark,* 48 *Vroom* 198, we find it necessary only to say for the purposes of the case that we are convinced that the prosecutor is upon this record guilty of laches and is estopped from complaining.

The rule is as stated by this court in *McKevitt* v. *Hoboken,* 16 *Vroom* 482.

"The law requires diligence, and the party who stands by and sees a work of this character in the course of construction (sewer improvement), attended by the incurrence of indebtedness, or the expenditure of money, waives his right to take those objections, which, if promptly interposed, would have stopped the work and saved the expense." *Ware* v. *Rutherford,* 26 *Vroom* 450; *Cunningham* v. *Merchantville,* 32 *Id.* 466; *Carling* v. *Hoboken,* 35 *Id.* 223.

For this reason the resolution in question is affirmed.