WALTER G. WOOD, PROSECUTOR AND APPELLANT, v. MAYOR AND COUNCIL OF THE CITY OF MILLVILLE ET AL., RESPONDENTS.

Argued November 19, 1913—Decided March 16, 1914.

On appeal from the Supreme Court, in which court the following *per curiam* opinion was filed:

The writ of *certiorari* in this case removes two resolutions passed by the defendant municipality. One of the resolutions, intended to enable the city to take the necessary steps to install an electric light distributing plant, was passed under the authority contained in the act of 1911 (*Pamph L.,* p. 690), which act after the granting of the writ in this case was declared invalid by this court. *In re Jaegle,* 54 *Vroom* 313. We are not called upon therefore to deal with that phase of the case.

The other resolution removed by this writ provided for the employment of an engineer to prepare plans for the construction of the plant. Before the rule to show cause has been allowed in this case, $700 had been expended by the city and paid to the engineer for his work, and while the rule to show cause was pending the stay contained therein was vacated by this court, in order to allow the engineer to complete his plans. This he has done and has received nearly all his compensation.

It is contended now that the infirmity of the act under which he was called upon to perform his work also invalidates his claim. But the answer to this is that the city was in possession of a fund out of which this bill could be paid, and can now be paid, and is not dependent upon the receipt of funds to be raised by independent legislation, such as was invoked in this instance. This appears to be the fact from the record presented here.

The city is now proceeding to light its streets under the act of 1894, and it is manifest that to accomplish the work some plan will be necessary, and no claim is advanced that the plan in question will not meet with the city's requirements.

In any event, we think, this writ should be dismissed for laches. Some of the money involved in his claim, as has been said, was paid before the rule to show cause was allowed, so that the city had not only incurred liability, under the resolution, but had expended its funds upon the strength and validity of it before any motion was made to contest it. In addition to that the court allowed the engineer, while the rule was pending, to finish his work so that the work was in fact completed under the tacit sanction of the rule of the court.

This writ will be dismissed.

For the appellant, *Joseph H. Gaskill* (*Herbert C. Bartlett* on the brief).

For the respondent, *Louis H. Miller.*

PER CURIAM.

We think the judgment of the Supreme Court should be affirmed, and are content to rest our decision respecting the first resolution upon what is said by the court below as to the effect of the decision. *In re Jaegle,* 54 *Vroom* 313. It is now argued that the Supreme Court should not have dismissed the writ but should have set aside the resolution in question on the authority of the Jaegle case. It might perhaps have done so, but would have then taken an unusual course, as the invalidity of the act of 1911 was not set up by any of the reasons filed, and for the adequate reason that the decision in the Jaegle case was not announced until after the allowance of the writ. At the same time, the decision had the effect of disposing so completely of the subject-matter of the litigation as to make a consideration of the other reasons academic.

With respect to the second resolution we rest our affirmance on the doctrine of laches invoked by the Supreme Court, and find it unnecessary to consider the other phase of the decision.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BOGERT, VREDEN-BURGH, CONGDON, WHITE, JJ.   10.

*For reversal*—None.