ANTHONY J. PORSKIEVIES, PROSECUTOR, v. BOROUGH OF ATLANTIC HIGHLANDS ET AL., DEFENDANTS.

Submitted May 17, 1935—Decided July 26, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Theodore D. Parsons* and *Theodore J. Labrecque.*

For the defendant borough, *J. Frank Weigand.*

PER CURIAM.

The writ in this case, tested December 8th, 1934, and probably allowed on that date, calls for a borough ordinance of September 11th, 1934, providing for repairs and improvements in the local sewage and water systems, and for a contract of the borough with defendant Fairbanks Morse Company pursuant thereto. Various defects, procedural and otherwise, are urged as reasons for setting aside the ordinance and contract, but we have not considered them because of what we deem the obvious laches of the prosecutor.

The ordinance passed first and second readings on August 29th, at a meeting claimed to be irregular. It was then advertised to be brought up for final passage on September 11th. Specifications for a pumping plant were adopted with directions to advertise for proposals to be submitted September 4th. All this was public property through advertisement in the local papers. The ordinance was adopted on September 11th. No one had taken any action in opposition. The contract was awarded on October 16th, and still no one had moved. On October 23d prosecutor threatened suit, but

no legal step was taken until some date not appearing, but probably in late November or early December, when prosecutor through counsel gave notice of application December 8th for a rule to show cause why a writ should not issue. The writ was allowed about December 8th (it is tested as of that date as we have said) and was served on the borough December 13th, and on the contractors for the pumping plant on the 21st. By that time the engines and pumps, of special design, had been constructed and were ready to ship to the place where they were to be installed. The rule is clear that in matters of this kind the attack must be reasonably prompt. *Carver* v. *Camden,* 78 *N. J. L.* 293; 73 *Atl. Rep.* 47; *Duffy* v. *Jersey City,* 81 *N. J. L.* 114; 79 *Atl. Rep.* 603; *Wood* v. *Millville,* 85 *N. J. L.* 734; 90 *Atl. Rep.* 379; *Carr* v. *Merchantville,* 102 *N. J. L.* 553; 142 *Atl. Rep.* 1.

The writ will be dismissed, with costs.