ANTHONY J. PORSKIEVIES, PROSECUTOR, v. BOROUGH OF ATLANTIC HIGHLANDS ET AL., DEFENDANTS.

Decided October 15, 1935.

For the petitioners, *Theodore D. Parsons* and *Theodore J. Labrecque.*

Memorandum by the Court.

PER CURIAM.

The writ of *certiorari* allowed herein by a justice of this court, was dismissed on the ground of laches in making application therefor. See 13 *N. J. Mis. R.* 586; 180 *Atl. Rep.* 236. Our *per curiam* decision was filed on July 26th last. The present petition for rehearing was filed just two months later, on September 26th. The delay is not explained in any way.

The original case was submitted on briefs at the May term. Petitioner expressly admits that the point of laches was raised in the original brief for the borough, and never answered by him, either in his original brief, or in any reply brief. In fact, no reply brief was filed; and the excuse now made is

that the brief of defendant was not served "until the opening day of the term, too late to file a reply brief."

It should be unnecessary to remind counsel that if they deemed themselves prejudiced by the lateness of the other brief, and desired to reply to some point therein raised for the first time, the court was always open to listen to an application to reply, even out of time. But with this point clearly stated in the opposing brief, they were apparently content to await a decision on the brief then in, and after that decision to wait for two months more before coming forward with the present application. We see no good reason for granting such application, and the best of reasons for denying it.

It is suggested that laches is not available without some preliminary motion to dismiss. We do not so understand the practice.

It is suggested further, that no rule of dismissal was ever entered on our decision of July 26th. But nothing is pending before us in that regard. If the prosecutor desires to review our decision, he may himself enter a rule for a judgment of dismissal, expressly without prejudice to an appeal; on notice to the other side of motion for leave therefor.

The present application is denied.