IN THE MATTER OF THE PETITION BY FRANK H. MILLER, AND ANOTHER, UNDER ACT MARCH 3d, 1873 (REVISED STATUTES 1:7-4), PRAYING THAT ACT MAY 25th, 1938 (CHAPTER 214, P. L. 1938) BE DECREED NULL AND VOID.

Argued October 4, 1938—Decided February 27, 1939.

Before the entire court.

For the petitioners, *Carl Kisselman.*

For the state, *David T. Wilentz,* attorney-general.

BROGAN, CHIEF JUSTICE. This is a proceeding inaugurated by two citizens of the state, under the statute (*R. S.* 1:7-4), to have an act of the legislature decreed by this court to be null and void. The statute invoked (*R. S.* 1:7-1 *to* 1:7-7) has to do with judicial annulment of laws or joint resolutions. By its first section, action looking to the annulment of laws or joint resolutions may be initiated by the governor or person administering the government of the state, by petition presented by the attorney-general; and by its fourth section like attack may be made, as in this case, on any law or joint resolution on the petition of two citizens.

Such a petition, under the fourth section of the statute, is before us and the prayer is that a certain act, now known as chapter 214, *Pamph. L.* 1938, be decreed to be null and void for want of certain constitutional requirements necessary and peculiar to an act of this character. The act in question purports to be a repealer of an act entitled, "An act to incorporate the New Jersey Detective Association, approved April 4th, 1871." Now by this statute of 1871 (chapter 457) the legislature incorporated the said New Jersey Detective Association. That this act was "special," as intended by our constitution, seems reasonably clear (New Jersey Constitution, article IV, section VII, paragraph 9). That the act, purporting to repeal this act incorporating the detective association, is special is not a debatable question. Our statute settles this issue. The provision is (*Cf. R. S.* 1:6-3): "The notice of intention to apply for the passage of a bill *to repeal the charter of any corporation* * * * shall be given by publishing the same in a daily

newspaper published in Trenton for at least six consecutive days prior to the *introduction of the bill* and by serving a copy of the notice upon the president, secretary, registered agent, or a director of the corporation if such officer or agent can be found within the state; and if no such officer or agent can be found within the state by personal service of such copy upon them or one of them out of the state, or by mailing a copy to them or one of them directed to the residence or post office address of such officer or agent, if known." (Italics supplied.)

The repealer of 1938, *supra*, is attacked for failure to give notice of intention and want of publication of same.

In the depositions before us it is stipulated by counsel for the petitioners and by the assistant attorney-general, appearing for the state, that notice of intention to "apply for the passage of" a bill to repeal the charter in question had not been served upon the registered agent or a director of the corporation. It further appears from the testimony of Ernest Kerr, chief clerk in the office of secretary of state, that no proof of publication was filed in the office of secretary of state of notice of intention to apply for the passage of a bill to repeal chapter 457, *Pamph. L.* 1871. Proof of such publication, under the oath or affirmation, in writing, of the publisher or his agent of every newspaper in which such publication was made, is an indispensable necessity (*R. S.* 1:6-4), and this proof must contain a copy of the published notice and be presented with the bill when introduced and, after final vote on the bill, shall be filed and deposited in the office of the secretary of state, there to remain. That these prerequisites were not observed in the matter of the passage of the act under consideration is not open to doubt.

Some mention should be made of one other section of the statute—*R. S.* 1:6-6—which provides that the publication in the Pamphlet Laws, published by the state, of any law as to which notice of intention to apply for its passage is required by the constitution, shall be *prima facie* evidence that the notice required by the constitution has been given in the manner required by this chapter.

It appears that this repealer has had "publication in the Pamphlet Laws published by the state" and, in the absence of proof to the contrary, such publication would be *prima facie* evidence that the passage of the act in question was legal in this particular. That presumption, however, has been overcome, if not by the stipulation of the assistant attorney-general, then by the testimony of the chief clerk of the secretary of state's office, who testified that the sworn proof required by the statute, *supra,* of notice of intention to apply for the passage of such repealing statute was not filed in the office of secretary of state, as required by law.

The act in question, *i. e.,* chapter 214, *Pamph. L.* 1938, is decreed to be null and void.

This petition was heard by all of the justices of the Supreme Court and the judgment, as expressed, is unanimous.