IN THE MATTER OF THE APPLICATION PRAYING THAT CHAPTER 147 OF THE LAWS OF 1946 MAY BE DECREED TO BE NULL AND VOID IN ACCORDANCE WITH REVISED STATUTES OF NEW JERSEY 1:7-4. MARTIN KORNBLUH AND HARRY TEMEL, PETITIONERS.

Argued October 2, 1946—Decided October 14, 1946.

Before CASE, CHIEF JUSTICE, and Justices PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT and WACHENFELD.

For the petitioners, *Thomas E. Duffy, Martin Klughaupt* and *Joseph J. Weinberger.*

For the State of New Jersey, *Walter D. Van Riper* and *Joseph Lanigan.*

BODINE, J. The proceeding is instituted by two citizens under the provisions of *R. S.* 1:7-4 to have it judicially determined that Chapter 147 of the Laws of 1946 was not passed by both houses of the legislature pursuant to the constitutional requirements of this state.

The chapter in question is entitled: "An act concerning alcoholic beverages, limiting the number of licenses to sell alcoholic beverages at retail, and supplementing Chapter 1, Title 33 of the Revised Statutes."

The bill originated in the Senate as Senate Bill 74 and was approved by the Governor on April 24th, 1946. The undisputed proofs demonstrate that the bill, as introduced in the Senate and amended in that body, was sent to the Assembly.

The bill was again amended in the Assembly and with the Senate amendment was duly adopted in that house. When the bill arrived in the Senate but one of the Assembly amendments was sent to that body. The Senate concurred in the Assembly amendment sent to it, but obviously could not concur in the one not sent. The bill in the form and substance approved by the Governor was never passed by the General Assembly.

Section 6 of the act provides as follows: "Nothing in this act shall prevent the issuance of a new license, application for which was duly and properly filed on or before April first, one thousand nine hundred and forty-six." The Assembly struck out the date "April first, one thousand nine hundred and forty-six" and by amendment substituted "August first, one thousand nine hundred and forty-six." The discrepancy is, that the Senate made the effective date of section 6, April 1st, 1946, and the House of the Assembly made the same section effective August 1st, 1946. The two branches of the legislature never concurred in the same enactment. The bill approved by the Governor is the Senate version and not the House version.

The complete bill, as enacted in the House, was never concurred in by the Senate and never reached the Governor in its final form.

Our duty in the premises arises under *R. S.* 1:7–4. The case controlling upon us is *In re Jaegle,* 83 *N. J. L.* 313.

The law will be declared null and void. *R. S.* 1:7–6.