IN THE MATTER OF THE APPLICATION OF VINCENT McCABE, THOMAS RAYMOND NICOLETTI, WARREN DONOHUE AND RICHARD E. MULLER, APPELLANTS.

Argued September 24, 1979—Decided January 7, 1980.

*Mr. John C. Heavey* argued the cause for appellants (*Messrs. Carpenter, Bennett & Morrissey,* attorneys; *Messrs. Morley, Cramer, Tansey, Haggerty & Fanning,* of counsel; and *Mr. John C. Heavey* and *Mr. Laurence Reich,* of counsel and on the brief).

*Ms. Erminie L. Conley,* Assistant Attorney General, argued the cause for respondent Attorney General (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney *pro se*).

*Mr. Brian J. Molloy* argued the cause for intervenor New Jersey Automobile Dealers Association (*Messrs. Wilentz, Goldman & Spitzer,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J.

This is an appeal filed as of right from the dismissal by the Appellate Division of an application brought under *N.J.S.A.* 1:7–1 *et seq.*, originally entitled "An act providing for the decreeing and making known that certain laws and joint resolutions have become inoperative and void."

Section 1 of the act reads:

> If, at any time within one year after any law or joint resolution has been filed with the Secretary of State pursuant to sections 1:2–5, 1:2–6 or 1:2–7 of this Title, the Governor has reason to believe that any such law or joint resolution was not duly passed by both houses of Legislature, or approved by the Governor or otherwise made effective as law in the manner required by the Constitution, he may direct the Attorney-General to apply to the Appellate Division of the Superior Court, to have the law or joint resolution adjudged void. Thereupon the Attorney-General shall prepare, sign and prosecute the application. *N.J.S.A.* 1:7–1.

.

The act also provides that an application, such as is authorized by section 1:7–1 to be presented by the Attorney General, may be presented by any two or more citizens of the State. *N.J.S.A.* 1:7–4.

Under Section 2 it is provided that:

> The court, on the application, shall inquire summarily into the circumstances and may, for that purpose, order witnesses to be subpoenaed and sworn and their depositions taken and such notice to be given of the taking of depositions and the hearing before the court, by publication or otherwise, as it deems just. *N.J.S.A* 1:7–2.

Section 3 provides:

> After a full hearing the court may, if satisfied that the constitutional and statutory provisions relating to the enactment and approval of laws and joint resolutions have not been complied with, adjudge the law or joint resolution or any part thereof to be void. *N.J.S.A.* 1:7–3.

If the court adjudges the law or joint resolution or any part thereof to be void,

> * * * the clerk of the court shall thereupon make a true copy of the judgment, certify the same under his hand and seal of the court and deliver the copy to the Governor or person administering the government, who shall issue his proclamation under the great seal of the State, setting forth such judgment. The proclamation shall be filed, published and printed with the laws as other proclamations are required to be filed, published and printed, and shall be judicially noticed and received in evidence in all courts of the State in the same

manner and to the same extent that the law or joint resolution therein specified would have been if such judgment had not been made. No law or joint resolution, or part thereof, adjudged void shall, after the entry of such judgment as provided in this chapter, be judicially noticed or received in evidence in any of the courts of the State. *N.J.S.A.* 1:7–6.

The application herein, dated May 5, 1978, brought by more than two citizens of the State, asserted that Chapter 84, Laws of 1977, which supplemented the New Jersey Franchise Practices Act, *N.J.S.A.* 56:10–1 *et seq.*, by adding sections 13, 14 and 15,[1] is special legislation not enacted in accordance with the notice requirements of *N.J.Const.*, Art. IV, § VII, par. 8 and *N.J.S.A.* 1:6–1 *et seq.* In addition it was asserted that the legislation violated *N.J.Const.*, Art. IV, § VII, par. 7 by adding provisions of a private and special character to a general law.

On June 30, 1978 the Attorney General of New Jersey moved to dismiss the application. The motion was based on the argument that proceedings pursuant to *N.J.S.A.* 1:7–1 *et seq.* do not encompass issues which are solely substantive in nature, and that applications properly cognizable under that statute are limited to an attack only upon the machinery of enactment and not upon the constitutional validity of the law itself. In that connection the Attorney General conceded that *L.*1977, *c.* 84, had been enacted as general law, not as a private, special or local law and that the notice requirements for a private, special or local law were not followed.

---

[1]The Franchise Practices Act applies generally to all franchise relationships in the State (*N.J.S.A.* 56:10–4). The 1977 supplement, however, relates only to motor vehicle franchises. In substance, it requires motor vehicle franchisors to indemnify and hold harmless their franchisees from any claims related to defects in merchandise or service systems procedures or methods of the franchisors. The individual applicants herein are employed in managerial capacities by General Motors Corporation, Ford Motor Company and Chrysler Corporation.

Based on this concession the Attorney General argued that no issue existed concerning the "machinery of enactment" of the act and that the only question remaining is whether the legislation is general or special, a substantive issue which, standing alone, is not cognizable in a proceeding brought under *N.J.S.A.* 1:7–1 *et seq.*

The Appellate Division, after considering the matter on briefs submitted by the parties, adopted the Attorney General's argument and entered an order dated July 26, 1978 dismissing the application. Notice of appeal to this Court has been filed as of right by applicants (appellants). *R.* 2:2–1(a)(1).

■ Appellants contend that where a challenge to the validity of legislation is made on the ground that it is a private, special or local law, this necessarily involves the issue whether, if so, it was enacted in accordance with the notice requirements set forth in *N.J.Const.*, Art. IV, § VII, par. 8 and *N.J.S.A.* 1:6–1 *et seq.* Accordingly, appellants submit that the machinery of enactment is involved and the provisions of *N.J.S.A.* 1:7–1 *et seq.* thereby properly invoked.

We view the question differently. Appellants stress the notice requirements for the enactment of a private, special or local law set forth in *N.J.Const.*, Art. IV, § VII, par. 8, and *N.J.S.A.* 1:6–1 *et seq.* However, these requirements are not really pertinent to the question of the validity of *L.*1977, *c.* 84.

It is undisputed that the Franchise Practices Act is a general law, enacted as such, and applicable to all franchise relationships in this State pursuant to *N.J.S.A.* 56:10–4. The challenged legislation, *L.*1977, *c.* 84, supplements the Franchise Practices Act by adding three new sections to it. If, as appellants claim, this supplement is private or special legislation, it would be void under *N.J.Const.*, Art. IV, § VII, par. 7, which provides that

"[n]o general law shall embrace any provision of a private, special or local character." This would be so even if the constitutional and statutory notice requirements relied on by appellants had been fully satisfied.

The inquiry therefore is not concerned with the notice requirements for private or special legislation and the Attorney General's concession with regard thereto does not play any part in our consideration of the matter. The sole issue is whether the 1977 supplement is a private or special law. If so, it is void because it is violative of *N.J.Const.*, Art. IV, § VII, par. 7.

Thus viewed, appellants' application does not involve the machinery of enactment of the 1977 supplement at all. The only question, substantive in nature, is whether it is private or special legislation, an issue which, standing alone, is not cognizable in a proceeding brought under *N.J.S.A.* 1:7–1 *et seq.*

■ It is important to understand the nature of a proceeding authorized by *N.J.S.A.* 1:7–1 *et seq.* The act confers original jurisdiction upon the Appellate Division, on proper application, to inquire summarily as to whether any law or joint resolution was not duly passed by both houses of the Legislature, or approved by the Governor or otherwise made effective as law in the manner required by the Constitution. The act provides for a full hearing, witnesses and discovery. However, it has been uniformly held that the subject matter of the inquiry involves only the mechanics of the enactment of the law and not the unconstitutional validity of the law itself. *In re Application of Lamb*, 67 *N.J.Super.* 39, 43 (App.Div.), aff'd 34 *N.J.* 448 (1961); *In re Application of McGlynn*, 58 *N.J.Super.* 1, 13 (App.Div. 1959); *In re An Act Concerning Alcoholic Beverages*, 130 *N.J.L.* 123, 124 (Sup.Ct.1943); *In re Borg*, 123 *N.J.L.* 104, 106 (Sup.Ct. 1939); see *Meadowlands Regional Development Agency v. State*, 63 *N.J.* 35, 40–41, n.1, appeal dismissed 414 *U.S.* 991, 94 *S.Ct.* 343, 38 *L.Ed.*2d 230 (1973).

Typical of proceedings filed under the act are *In re Application of Fisher*, 80 *N.J.Super.* 523 (App.Div.1963), aff'd 43 *N.J.* 368 (1964), claim that the bill passed by Senate was not the same as that passed by Assembly; *In re Application of Lamb, supra,* claim that Assembly was not properly convened when it acted on a bill; *In re Chapter 147 of the Laws of 1946*, 134 *N.J.L.* 529 (Sup.Ct.1946), claim that Senate and Assembly did not pass the same bill; *In re Ross*, 86 *N.J.L.* 387 (Sup.Ct.1914), claim that revenue measure originated in Senate rather than Assembly; *In re Jaegle*, 83 *N.J.L.* 313 (Sup.Ct.1912), claim that Governor signed bill lacking amendments which had been passed by Legislature.

The legislative reason for the limited scope of review provided in *N.J.S.A.* 1:7–1 *et seq.* is apparent. Procedural or mechanical issues are the type of questions easily inquired into, are usually lacking in factual dispute and can be raised and decided by the Appellate Division within a short period of time following the enactment of a law.

Appellants cite *In re Freygang*, 46 *N.J.Super.* 14 (App.Div.), aff'd 25 *N.J.* 357 (1957), to support their contention that in a proceeding brought under *N.J.S.A.* 1:7–1 *et seq.*, the Appellate Division may decide the substantive question of whether legislation is special or general. In *Freygang*, however, it was contended that the legislation had been passed as special legislation but that attempts to comply with the notice requirements for special legislation were inadequate. Thus the issue of the machinery of enactment was squarely raised. Indeed, as Judge Goldmann emphasized in that case, the statute "permits an attack only upon the procedure of making laws, 'on the machinery of enactment,' and not upon the constitutional validity of their provisions." 46 *N.J.Super.* at 17.

*In re Miller*, 122 *N.J.L.* 176 (Sup.Ct.1939), also relied on by appellants, is to the same effect. There an application under the statute sought to have certain special legislation declared

null and void "for want of certain constitutional requirements necessary and peculiar to an act of this character." *Id.* at 177. As the court noted therein, that the act was special legislation was not a debatable question. *Ibid.* The basic holding of the case is that the notice requirements for special legislation had not been satisfied. See *In re Borg, supra,* 123 *N.J.L.* at 106–107, which cites *Miller* for that proposition.

In short, in those cases brought under *N.J.S.A.* 1:7–1 *et seq.* in which the court has considered the question whether legislation is special or general, it has been in connection with the additional contention that the machinery of enactment for special legislation had not been followed.

However, our holding that appellants' challenge to the constitutionality of *L.*1977, *c.* 84 may not be brought under *N.J.S.A.* 1:7–1 *et seq.* does not require that the application be dismissed. Rule 1:13–4(a) provides in part that "if any court is without jurisdiction of the subject matter of an action or issue therein * * * it shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court." Appellants' challenge raises a viable issue cognizable in the Law Division and the matter should be transferred to that court which not only has the jurisdiction but also the facilities to hear the case.

Appellants argue that remanding the matter to a trial court leaves them with an inadequate remedy since a statute nullified under *N.J.S.A.* 1:7–1 *et seq.* is declared to be no statute at all, whereas a statute invalidated on substantive grounds does not preclude notice of the voided act for equitable purposes.

*In re Borg, supra,* 123 *N.J.L.* at 109, notes the distinction between a statute which under *N.J.S.A.* 1:7–1 *et seq.* "may be declared no statute at all because never passed, and a statute duly enacted but without efficacy because of constitutional limitations." While recognizing this distinction, the court in *Borg,* nevertheless, dismissed the application therein as "miscon-

ceived" because it did not involve an attack on the machinery of enactment. *Id.* at 106, 8 *A.2d* 221.

Appellants also argue that while *N.J.S.A.* 1:7–1 *et seq.* permits two or more citizens to file an application thereunder to the Appellate Division, they may lack standing to attack the constitutionality of *L.*1977, *c.* 84 in the Law Division since they are not themselves motor vehicle franchisors or franchisees. Should this issue be raised, it will be for the Law Division to decide on a proper record. We note, however, that at oral argument the Attorney General acknowledged that appellants, in view of their managerial capacities with General Motors, Ford and Chrysler, probably have standing to maintain an action in the Law Division.

In connection with their original application under *N.J.S.A.* 1:7–1 *et seq.*, applicants represented that they intended to produce proof that the New Jersey Automobile Dealers Association brought about the legislation in question, and in order to establish this they would seek discovery of those involved in the actual drafting of the bill and its modifications, the lobbying efforts made on behalf of special interest groups and the legislative purpose of the amendment. Obviously what will be involved is extended discovery, a plenary hearing, voluminous proofs and findings of fact and conclusions of law. That the Law Division, as a practical matter, is better equipped to entertain such a proceeding, can hardly be disputed.

Accordingly, while we hold that appellants' application under *N.J.S.A.* 1:7–1 *et seq.* is improper, we vacate the dismissal of such application and order that it be transferred to the Law Division for further proceedings. The parties are to amend their pleadings to conform with Law Division procedures and will have the right to raise additional issues and plead such defenses as are appropriate. No costs.

PASHMAN, J., dissenting.

In holding the appellants' application improper, the majority has misconstrued the scope of proceedings under *N.J.S.A.* 1:7–1 *et seq.* I therefore respectfully dissent.

*N.J.S.A.* 1:7–1 *et seq.* provides a special procedure for challenging a statute on the ground that it "was not duly passed by both houses of the Legislature, or approved by the Governor or otherwise made effective as law in the manner required by the Constitution." *N.J.S.A.* 1:7–1. The Attorney General or two or more citizens of the State may apply to the Appellate Division of Superior Court for an adjudication of these narrow procedural issues. *N.J.S.A.* 1:7–1, –4. It is well settled that the claims which may be brought in such proceedings are limited to "the machinery of enactment": passage by the Legislature, approval by the Governor, and completion of any other steps "required by the Constitution." *In re Freygang*, 46 *N.J.Super.* 14, 17 (App. Div.1957), aff'd 25 *N.J.* 357 (1957); see *In re Application of Lamb*, 67 *N.J.Super.* 39 (App.Div.1961), aff'd 34 *N.J.* 448 (1961); *In re Application of McGlynn*, 58 *N.J.Super.* 1, 13 (App.Div. 1959); *In re An Act Concerning Alcoholic Beverages*, 130 *N.J.L.* 123, 124 (Sup.Ct.1943); *In re Borg*, 123 *N.J.L.* 104, 106 (Sup.Ct. 1939). If the court finds that a law has not been duly enacted, the Governor is required to issue a proclamation of nullity which is "filed, published and printed with the laws" and must be "judicially noticed and received in evidence in all courts \*  \*." *N.J.S.A.* 1:7–6.

Appellants' application to the Appellate Division states that Chapter 84, Laws of 1977, *N.J.S.A.* 56:10–13 to –15, was not enacted in conformity with constitutional requirements. They assert that the law, "by virtue of [its] restrictive content[,] \*  \* constitutes private or special legislation." Since the public notice constitutionally required of proposed private or special legislation, see *N.J.Const.* (1947) Art. IV, § 7, par. 8, was not given, the applicants claim that the law is void. The Attorney

General contends that his "concession" that Chapter 84 was not enacted as special legislation precludes the Appellate Division from exercising jurisdiction under *N.J.S.A.* 1:7–1.

The character of the legislation determines the proper procedures for its enactment. If a bill is designed to raise revenue, it must originate in the General Assembly. *N.J.Const.* (1947) Art. IV, § 6, par. 1. Special laws regulating the internal affairs of a municipality or county require a local petition before legislative passage. *N.J.Const.* (1947) Art. IV, § 7, par. 10. All special legislation—including Chapter 84, according to appellants—requires prior "public notice of the intention to apply therefor, and of the general object thereof" to be given in a manner specified by statute. *N.J.Const.* (1947) Art. IV, § 7, par. 8; see *N.J.S.A.* 1:6–1 *et seq.*

Since the constitutional "machinery of enactment" differs according to whether the legislation is special or general, the Appellate Division must determine the category in which Chapter 84 belongs *before* considering whether it was "made effective as law in the manner required by the Constitution," *N.J. S.A.* 1:7–1. The Attorney General has acknowledged that the law was not enacted with the additional procedures required for special legislation. This concession becomes pertinent, however, only if the Appellate Division, looking beyond "the nomenclature adopted by the Legislature," *In re Freygang*, 25 *N.J.* at 358, finds those procedures to have been necessary in this case. If it so holds, it must declare the law to be void. *N.J.S.A.* 1:7–3.

The majority recognizes that in 1:7–1 proceedings, courts have found it necessary to consider whether legislation is special or general to determine whether proper enactment procedures were followed. *Ante* at 469; see *In re Freygang, supra; In re Miller*, 122 *N.J.L.* 176 (Sup.Ct.1939). It attempts to distinguish those decisions by describing appellants' contention, that Chapter 84 is a special law, as the "only question" left "standing alone" in the case. *Ante* at 467.

Contrary to the majority's view, this claim does not stand alone. It accompanies appellants' uncontested assertion that the procedures for enacting a special law were not followed. The fact that the Attorney General has chosen not to dispute this latter allegation does not alter the essential nature of appellants' attack. The challenge clearly addresses "the procedure of making laws," *In re Application of McGlynn*, 58 *N.J.Super.* at 13, and is therefore within the Appellate Division's jurisdiction. Nothing in the statute itself or prior caselaw requires that the issues raised in an application be contested. See *N.J.S.A.* 1:7–4 ("[T]he Attorney General *may* * * * defend on behalf of the State." (emphasis added)); *In re Jaegle*, 83 *N.J.L.* 313 (Sup.Ct.1912) (petition unopposed).

The majority's attempt to distinguish *Freygang* and *Miller* is completely unpersuasive. In both cases, as here, the alleged failure to comply with notice requirements applicable to special laws was not in dispute. *Freygang*, 46 *N.J.Super.* at 19. ("It is not denied that many of the municipalities failed to comply with these requirements [for passage of a special law]."); *Miller*, 122 *N.J.L.* at 178 ("[I]t is stipulated * * * by the Assistant Attorney-General * * * that notice of intention to 'apply for the passage of' [the special law] had not been served * *."). Yet in both cases, the courts proceeded to a determination on the merits. Nothing less should occur here.

Simply stated, appellants contend that the "machinery of enactment" *actually* employed was not that which *should have been* employed. Therefore, although there is no dispute regarding how the statute was enacted, the Appellate Division must determine what should have occurred, and rule accordingly. Relying on neither logic nor precedent, however, the majority has disregarded the Legislature's intention that the Appellate Division provide direct, expeditious review of the enactment process free from the traditional requirements of standing. See *N.J.S.A.* 1:7–2, –3, –5 & –6. I would hold that appellants are

entitled to proceed under *N.J.S.A.* 1:7–1 *et seq.* and would therefore vacate the Appellate Division's dismissal of their application.

Justice SCHREIBER joins in this dissenting opinion.

*For vacation and transfer*—Justices SULLIVAN, CLIFFORD and POLLOCK—3.

*For vacation*—Justices PASHMAN and SCHREIBER—2.